Filed 11/4/21  P. v. Silva CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093724 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF04274) |
| v. | |
| JOHNNY EDWARD SILVA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Johnny Edward Silva has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## BACKGROUND

In the course of their pursuit of a suspect, Butte County Sheriff's deputies obtained defendant's consent to search his residence and storage trailers. The deputies saw a number of rifles in plain view in defendant's residence and ultimately located the suspect hiding in his storage trailer. Defendant had a prior conviction which served as the basis for a firearm possession restriction. The deputies later obtained a search warrant for defendant's property. During the search deputies found a number of stolen firearms.

The People filed an information charging defendant with five counts of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)),[1] grand theft of a firearm (§ 487, subd. (d)(2)), and possession of ammunition (§ 30305, subd. (a)(1)). Defendant pleaded no contest to one count of being a felon in possession and grand theft of a firearm. The trial court dismissed the remaining charges on the People's motion, with a *Harvey* waiver.[2] The trial court sentenced defendant to the middle term of two years on the possession of a firearm count and a consecutive term of eight months (one-third the midterm) on the grand theft of a firearm count, for an aggregate term of two years eight months in state prison. The trial court awarded defendant 361 days of presentence custody credits. The trial court imposed a $300 restitution fine (§ 1202.4), and imposed and suspended an identical postrelease community supervision revocation fine (§ 1202.45), a $39 theft fine with penalties and assessments (§ 1202.5), an $80 court security fee (§ 1465.8), and a $60 court conviction fee (Gov. Code, § 70373). The trial court found defendant did not have the ability to pay the presentence investigative report or attorney's fees.

Defendant did not obtain a certificate of probable cause. (§ 1237.5.)

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant, and accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.

 /s/
HOCH, J.

We concur:

 /s/
BLEASE, Acting P. J.

 /s/
DUARTE, J.